UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KMC REAL ESTATE INVESTORS, LLC, | ) | CASE NO. 11-90930-BHL-11 |
| | ) | |
| Debtor. | ) | |

**KMC REAL ESTATE INVESORS, LLC OBJECTION TO RL BB FINANCIAL, LLC'S MOTION TO DISMISS FOR LACK OF GOOD FAITH FILING OR , IN THE ALTERNATIVE, MOTION FOR ABSTENTION OR, IN THE ALTERNATIVE, <u>MOTION FOR RELIEF FROM AUTOMATIC STAY</u>**

KMC Real Estate Investors, LLC ("KMCREI"), Debtor herein, by counsel, for *KMC Real Estate Investors, LLC Objection to RL BB Financial, LLC's Motion to Dismiss for Lack of Good Faith Filing Or, In the Alternative, Motion for Abstention Or, In the Alternative, Motion for Relief from Automatic Stay* (the "Objection"), states as follows:

1. On May 6, 2011, RL BB Financial, LLC ("RLBB"), a secured creditor of KMCREI, filed the *RL BB Financial, LLC's Motion to Dismiss for Lack of Good Faith Filing Or, In the Alternative, Motion for Abstention Or, In the Alternative, Motion for Relief from Automatic Stay* (the "RLBB Motion").

2. By way of the RLBB Motion, RLBB alleges and requests three (3) alternate forms of relief: (a) dismissal for lack of good faith filing; (b) this Court's abstention from hearing this proceeding; and (c) relief from the automatic stay imposed under 11 U.S.C. §362.

3. KMCREI hereby objects to all forms of relief requested by way of the RLBB Motion, whether such requests are in the alternative or in some cumulative capacity, and will address the basis for its objection separately as more specifically set forth below.

1

**KMCREI Objection to Motion to Dismiss for Lack of Good Faith Filing**

4. KMCREI hereby objects to RLBB's request that the Court dismiss this proceeding for lack of good faith filing. In support of its position, KMCREI sets forth the following critical points:

   a. The KMCREI bankruptcy proceeding is not a single creditor case. KMCREI is obligated on certain significant debts of its affiliated debtor entity, Kentuckiana Medical Center, LLC ("Kentuckiana"), which is also pending in this Court under Case No. 10-93039-BHL-11, by virtue of guaranty obligations.

   b. The KMCREI bankruptcy proceeding is not a "two party dispute" between KMCREI and RLBB. Of most importance and the point to be stressed is that together KMCREI and Kentuckiana operate a hospital which employs a significant number of individuals and provides much needed medical services to its patients and its community. While a dispute does exist between KMCREI and RLBB, there is a much bigger picture to consider under the circumstances of this case. As the Court is well aware by this stage of the proceeding, the businesses of KMCREI and Kentuckiana are part in parcel in that one cannot survive without the other. Kentuckiana is the entity which operates the hospital and employs the professionals and individuals, and KMCREI is the entity that owns the land and hospital building from which Kentuckiana operates. Reorganization has been, and continues to be, the main objective of the KMCREI bankruptcy filing - not an effort to harass and delay RLBB as alleged.

   c. The decision to file KMCREI's bankruptcy proceeding was a business decision based on KMCREI's sound business judgment and was promulgated by a multitude of events, including, but not limited to, RLBB's efforts to foreclose on the real estate from which the hospital operates.

   d. The KMCREI bankruptcy filing is consistent with the aims and objectives of bankruptcy philosophy. KMCREI filed its petition for relief under the United States Bankruptcy Code (in conjunction with its operating entity, Kentuckiana) to provide it with an honest opportunity to reorganize and keep its creditors at bay, allowing it an opportunity to obtain additional funding to accomplish its goals and restructure its obligations so that a reorganized, successful and profitable business could emerge from bankruptcy.

   e. Reorganization is certainly in the best interest of the bankruptcy estate. A joint plan of reorganization which includes funding from either CLS Mortgage, Inc. or another prospective lender (see pending KMCREI *Motion of the Debtor (a) for Entry of an Order Granting the Debtor Provisional Authority to Execute Guaranty and (b) Corresponding Request for Granting of Liens* (the "Priming Motion") [Docket 28 of KMCREI Proceeding] which would provide for

    finalizing construction of the hospital owned by KMCREI (emergency room and additional operating rooms) would in turn increase the value of the real estate *and* increase revenues, all to the benefit of secured and unsecured creditors of both KMCREI and Kentuckiana. A reorganization scenario presents a much higher recovery to creditors than would a liquidation scenario and is accordingly in the best interest of the bankruptcy estate.

  5. RLBB has failed to establish "cause" which would warrant a dismissal of this proceeding. RLBB has not shown any instances of bad faith on the part of KMCREI and pursuant to the notable points above, one would be hard pressed to find lack of good faith associated with this bankruptcy filing.

  6. For the reasons set forth herein, KMCREI states that the requested relief is not appropriate and accordingly objects to the portion of the RLBB Motion requesting dismissal of this proceeding for lack of good faith filing and prays that such request be wholly denied.

### KMCREI Objection to Motion for Abstention

  7. KMCREI hereby objects to RLBB's request that this Court abstain from hearing this proceeding.

  8. Abstention is unwarranted and inappropriate under the circumstances. As set forth in the RLBB Motion, 11 U.S.C. §305 states that abstention is appropriate where "the interests of creditors and the debtor would be better served by such dismissal or suspension." "The moving party bears the burden to demonstrate that dismissal or suspension benefits the debtor and its creditors." *In re Monitor Single Lift I. LTD, 381 B.R. 455 (Bankr.S.D.N.Y. 2008).* "Relief under §305(a)(1) is proper only if the interests of both the 'creditors and the debtor' would be 'better served' by dismissal or suspension." *In re Globo Comunicacoes e Participacoes S.A., 317 B.R. 235 (Bankr.S.D.N.Y. 2004).* "If dismissal or suspension is not in the interest of the debtor, relief under section 305(a)(1) is inappropriate." *In re Eastman, 188 B.R. 621 (B.A.P 9th Cir. 1995).*

9. RLBB's request for abstention does not allege or explain how abstention would better serve the interests of KMCREI or its creditors. RLBB merely reasserts its position that this is a two-party dispute between RLBB and KMCREI and that the KMCREI filing was an attempt to delay and harass RLBB. Response and objection to those allegations are set forth in the preceding section of this Objection and are incorporated by reference here.

10. It would appear that the RLBB request for abstention is made to better serve the interests of RLBB and RLBB alone – and not the best interests of *creditors and the debtor*.

11. For the reasons set forth herein, KMCREI states that the requested relief is not appropriate and accordingly objects to the portion of the RLBB Motion requesting that this Court abstain from hearing this proceeding and prays that such request be wholly denied.

### KMCREI Objection to Motion for Relief from Automatic Stay

12. KMCREI hereby objects to RLBB's request that it be granted relief from the Automatic Stay imposed under 11 U.S.C. §362.

13. Section 362(d) of the Bankruptcy Code allows the Court to lift the automatic stay for various reasons. Section 362(d)(1) of the Bankruptcy Code allows a creditor stay relief for cause, including lack of adequate protection. Additionally, §362(d)(2) of the Bankruptcy Code allows a creditor relief from the automatic stay where a debtor has no equity in the property at issue and such property is not necessary for an effective reorganization.

14. RLBB asserts that it is entitled to relief from the automatic stay because the Property (as defined in the RLBB Motion) is not necessary for KMCREI to effectively reorganize. However, if KMCREI was forced to surrender the Property to RLBB, the hospital's operations would suffer tremendously.

15. To obtain relief from stay under § 362(d)(2) of the Bankruptcy Code a creditor

must demonstrate that both: (1) the debtor has no equity in the property at issue; and (2) the property is not necessary for the debtor to effectively reorganize.  11 U.S.C. § 362(d)(2). Because the Property is necessary for KMCREI's reorganization, RLBB's request for relief from stay pursuant to § 362(d)(2) of the Bankruptcy Code should be denied.  *See in re Southern Illinois Railcar Co.*, 301 B.R. 305, 316 (Bankr. S.D. Ill. 2002) (section 362(d)(d) of the Bankruptcy Code are conjunctive; in order to obtain relief from stay a creditor must demonstrate that the debtor has no equity in the property at issue <u>and</u> the property at issue is not necessary for debtor to effectively reorganize).

16. RLBB also argues that it is entitled to relief from the automatic stay pursuant to § 362(d)(1) of the Bankruptcy Code because it is not adequately protected.

17. As a secured creditor, RLBB is entitled to adequate protection, as that term is defined in §§ 361 and 363 of the Bankruptcy Code, to the extent that the debt owing RLBB exceeds the value of the Property.  RLBB has provided no evidence which would suggest that the debt owing it exceeds the value of the Property and has further provided no evidence which would demonstrate KMCREI has no equity in the Property.

18. For the reasons set forth herein, KMCREI states that the requested relief is not appropriate and accordingly objects to the portion of the RLBB Motion requesting RLBB be granted relief from the Automatic Stay imposed under 11 U.S.C. §362(d)(1) and (d)(2) and prays that such request be wholly denied.

WHEREFORE, KMC Real Estate Investors, LLC ("KMCREI"), by counsel, respectfully requests the Court's entry of an order denying the RLBB Motion *in its entirety* and granting KMCREI all other relief as is just and proper in the premises.

>Respectfully submitted,
>
>Hostetler & Kowalik, P.C.
>
>
>By  */s/ Courtney E. Chilcote*
>Gary Lynn Hostetler
>Courtney E. Chilcote
>Hostetler & Kowalik, P.C.
>101 West Ohio Street
>Suite 2100
>Indianapolis, IN  46024
>Tel: (317) 262-1001
>Fax: (317) 262-1010
>Email: ghostetler@hklawfirm.com
>Email: cchilcote@hklawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2011, a copy of the foregoing **KMC REAL ESTATE INVESORS, LLC OBJECTION TO RL BB FINANCIAL, LLC'S MOTION TO DISMISS FOR LACK OF GOOD FAITH FILING OR , IN THE ALTERNATIVE, MOTION FOR ABSTENTION OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM AUTOMATIC STAY** was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

- David M. Cantor - cantor@derbycitylaw.com, belliott@derbycitylaw.com; bates@derbycitylaw.com; neukomm@derbycitylaw.com; cebe@derbycitylaw.com; yeager@derbycitylaw.com; mcghee@derbycitylaw.com

- Courtney Elaine Chilcote - cchilcote@hklawfirm.com, swatson@hklawfirm.com

- Laura A DuVall - Laura.Duvall@usdoj.gov

- Michael D. Hicks - mhicks@mhba.com

- Jeffrey A. Hokanson - jhokanson@hklawfirm.com, jwellner@hklawfirm.com

- Gary Lynn Hostetler - ghostetler@hklawfirm.com, dloyal@hklawfirm.com

- Michael R Johnson - mjohnson@rqn.com, sglendening@rqn.com;docket@rqn.com

- James P Moloy - jmoloy@boselaw.com, dlingenfelter@boselaw.com; mwakefield@boselaw.com

- David Lee Rosendorf - drosendorf@kttlaw.com, RCP@kttlaw.com

- M. Andrew Stewart - astewart@mhba.com

- U.S. Trustee - ustpregion10.in.ecf@usdoj.gov

I further certify that on June 28, 2011, a copy of the foregoing **KMC REAL ESTATE INVESORS, LLC OBJECTION TO RL BB FINANCIAL, LLC'S MOTION TO DISMISS FOR LACK OF GOOD FAITH FILING OR , IN THE ALTERNATIVE, MOTION FOR ABSTENTION OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM AUTOMATIC STAY** was mailed by first-class United States Mail, postage prepaid, and properly addressed to the following:

N/A

      */s/ Courtney E. Chilcote*
Courtney E. Chilcote
HOSTETLER & KOWALIK, P.C.
101 West Ohio Street, Suite 2100
Indianapolis, IN 46204
Tel: (317) 262-1001 / Fax: (317) 262-1010
Email: cchilcote@hklawfirm.com